Mr. Justice Thacher
delivered the opinion of the court.
It is contended in this case, by the plaintiff in error, that, in order to entitle a debtor to the benefit of the statute of limitations, the acknowledgment of his debt, or his promise to pay it, must be made after the lapse of six years from the time when the action accrued to the creditor. We have already held, that the promise or acknowledgment must be proved to have been made within the time prescribed by the statute, which, in this instance, is six years from the date of the notes. Davidson v. Morris, 5 S. & M. 564. And an express acknowledgment that the notes sued upon was unpaid, was made by the debtor two years before the action was commenced.
Again it is contended by the defendant in error, that the plea of the statute of limitations, filed by leave of the circuit court at a term subsequent to the return term, was improper, according to the statute of 1840, regulating the practice of the circuit court. The object of the first section of this statute is to afford an imparlance term to defendants: the object of the second section is to require the disposal of all dilatory pleadings and defences filed at the return term, and, if possible, to require the pleadings to be made up, upon which the case is finally to be put to a jury at the _ succeeding term. The leading objects of the whole statute in this particular are twofold, to wit, to enforce a trial at the second term by the court to which the suit is instituted, and to procure a verdict of a jury upon the real merits of the controversy. There is nothing in the statute which precludes the court from permitting pleas to be 'filed at a term subsequent to the return term, which contain matter for the finding of a jury.
The position of the plaintiff in error not being sustained by this court, the judgment must be affirmed.